8

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

UNITED STATES OF AMERICA,

    -against-

MOUSA KHOULI, et al.,

SALEM ALSHDAIFAT,

    *Defendant.*

------------------------------------------------------- X

STATE OF MICHAGAN  )
                         ) ss.:
COUNTY OF WAYNE  )

F I L E D
JUL 2 0 2011
CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

11-30365

No. 11 CR 340 (ERK)

**AFFIDAVIT OF
SALEM ALSHDAIFAT**

      **SALEM ALSHDAIFAT**, pursuant to Title 28, United States Code, Section 1746, hereby swears under penalty of perjury:

      1.    I intend to follow the bail restrictions imposed on me by the Court in the above-captioned matter and understand that I will be placed under home detention as a bail condition with only limited travel allowances as permitted by the Court. I also agree to surrender all passports in my possession.

      2.    I submit this affidavit knowingly and voluntarily as an additional condition of my bail in this case.

      3.    As a citizen of Canada, I understand that if I were to return to Canada during the pendency of this case, I may have certain legal rights under domestic Canadian law to challenge any extradition request made by the United States to have me returned

from Canada to appear in federal court in Brooklyn, New York on these charges.

4. These legal rights have been explained to me by my counsel in this case, as reported in a legal opinion letter from Canadian counsel, David J. Martin, Barrister and Solicitor, dated July 18, 2011, and annexed hereto and incorporated herein as Exhibit A.

5. I hereby state that I waive any legal rights I might have as a Canadian citizen to contest any extradition order by Canadian courts to be returned to the United States to appear in court in the above-captioned case.

6. I agree not to raise any legal challenges to an extradition warrant issued against me for return to the United States in this case and consent to my immediate extradition to the United States to complete this legal matter.

7. I have consulted with my attorney as to the legal ramifications of this waiver of extradition and I am making a knowing and intentional waiver of any legal rights I might have to challenge extradition.

8. I submit this affidavit voluntarily. No one has coerced or threatened me into signing this affidavit and I have not been promised anything in exchange for making this statement.

9. I absolutely intend to comply with the Court's orders regarding bail and will make all appearances required of me in this case.

Dated:   Detroit, Michigan
         July 19, 2011

_____
SALEM ALSHDAIFAT

# EXHIBIT A

2:11-mj-30365-JU   Doc # 19   Filed 07/20/11   Pg 3 of 8   Pg ID 198

07/18/2011 10:50 FAX 604 682 4209    DAVID J MARTIN LAW CORP.    ☒002

# DAVID J. MARTIN

— Law Corporation —

July 18, 2011

**Hon. Edward R. Korman**
United States District Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, NY 11201

Your Honor:

**RE:   *United States v. Khouli, et al. (Alshdaifat)*, 11 Cr. 340 (ERK)**

I have been asked by Mr. Henry Mazurek, counsel to Mr. Alshdaifat, to prepare this letter to Your Honor to outline to you the rights conferred upon a Canadian citizen pursuant to the Canada – U.S. Extradition Treaty and Canadian law so as to assist Your Honor to ensure that Mr. Alshdaifat effectively waives any rights that he may possess to resist extradition under Canadian law as he has offered to do as part of his release from U.S. custody today.

I believe I am qualified to set out these rights as I have practiced criminal law for the last 32 years with a particular emphasis upon international white collar criminal defence and extradition and related mutual legal assistance processes for at least the last 12 years. *Inter alia*, I have argued leading extradition cases in the Supreme Court of British Columbia (*U.S.A. v. Licht* [2002] B.C.J. No. 1814), in the Supreme Court of Ontario (*U.S.A. v. Tollman* [2006] O.J. No. 3672) and in the Supreme Court of Canada (*U.S.A. v. Ferris* [2006] S.C.J. No. 33 and *U.S.A. v. Fiessel* [2006] S.C.J. No. 34). I believe I am recognized in Canada as a relative expert in this field as on November 28, 2011 I will co-chair a British Columbia Law Society Continuing Legal Education program entitled "Transnational Criminal Law – The Art and Science of Multi-Jurisdictional Representation"

Suite 760
The Grosvenor Building
1040 West Georgia Street
Vancouver
British Columbia
Canada
V6E 4H1

Telephone:
(604) 682-4200

Facsimile:
(604) 682-4209

E-mail:
reception@martinlc.com

## DAVID J. MARTIN

A person in Canada sought for extradition to the United States enjoys the following rights:

a. The right to the Minister's determination pursuant to s. 12 of the *Canadian Extradition Act* (the *"Extradition Act"*), having received a request by an extradition partner for a provisional arrest of a person sought, that the offence in respect of which the provisional arrest is requested is punishable in accordance with para. 3(1)(a) of the *Extradition Act* (the "pre-provisional arrest double criminality review" requirement).

b. The right to a judicial determination pursuant to s. 13 of the *Extradition Act* that provisional arrest of a person sought is, *inter alia*, necessary in the public interest and that a warrant for the person's arrest in the requesting state has been issued (the "pre-provisional arrest judicial authorization review" requirement).

c. The right, if provisionally arrested, to discharge if the requesting state does not deliver evidence in support of its request for extradition in a timely manner pursuant to s. 14 of the Extradition Act (the "discharge if no timely proceedings" requirement).

d. The right to the Minister's determination pursuant to s. 15 of the *Extradition Act* that it is appropriate to issue an Authority to Proceed to the Attorney General to proceed on behalf of the extradition partner, after considering the requirements of s. 3(1)(a) and 3(3) of the *Extradition Act*, to seek a court order for the committal of the person sought to the custody of the requesting state (the "pre-authority to proceed double criminality review").

e. The right to a judicial determination pursuant to s. 24 through s. 29 of the *Extradition Act*, after a meaningful judicial hearing before an independent and impartial judge, to a determination of whether there is sufficient admissible evidence before the Court to permit a properly instructed jury to convict, before an order of committal for extradition can be issued (the

2

### DAVID J. MARTIN

"fair hearing and proof of a *prima facie* case" requirement).

f. The right to contest the admissibility of evidence at the committal hearing in accordance with the Rules of Evidence as set out in s. 31 through s. 37 of the *Extradition Act* (the "entitlement to discharge if evidence proffered is inadmissible").

g. The right to require the requesting state to certify that the evidence relied upon in support of extradition is both available to the requesting state to undertake the prosecution of the person sought for the requested offences and is sufficient under the laws of the requesting state to justify the specified prosecution as required by s. 33(3) of the *Extradition Act* and *U.S. v. Ferris* 2006 SCC 33: *U.S. v. Kwok* [2001] 1 S.C.R. 532; and *U.S. v. Cobb* [2001] 1 S.C.R. 587 (the "present availability and sufficiency of evidence certification requirement").

h. The right to the exclusion of evidence gathered in Canada not in accordance with the law of Canada including the *Charter* as required by s. 33(3)(a)(2)(ii) and *United States of America v. Anekwu*, [2009] 3 S.C.R. 3 (the "admissibility of Canadian sourced evidence" requirement).

i. The right to obtain relief from the extradition tribunal itself from abuses of process engaged in by the requesting state as required by *U.S. v. Kwok* [2001] 1 S.C.R. 532; and *U.S. v. Cobb* [2001] 1 S.C.R. 587 and *U.S. v. Tollman* [2006] O.J. No. 3672 (the "absence of abuse of process" requirement).

j. The right to appeal the judicial committal order, as of right, to the relevant Provincial Court of Appeal and the right to apply for judicial interim release pending the determination of the appeal as authorized by s. 49 of the *Extradition Act* (the "unfettered right to appeal and to apply for bail pending appeal").

k. The right to post committal ministerial review of the appropriateness of surrender, including the right to make submissions to the Minster related

3

## DAVID J. MARTIN

thereto, and to the benefits of the appropriate imposition of ministerial preconditions prior to surrender as authorized by s. 40 through s. 43 of the Extradition Act (the "pre-surrender ministerial review inclusive of a ministerial obligation to protect the *Charter* rights of the person sought prior to the authorization of surrender").

l. The right to the Minister's affirmative statutory duty to refuse to make a surrender order if the Minister is satisfied that surrender would be "unjust or oppressive" as required by s. 44(1)(a) of the *Extradition Act* (the "over arching fairness" requirement).

m. The right to the Minister's affirmative statutory duty to refuse to make a surrender order if the Minister is satisfied that the request for extradition is made for a diverse variety of prohibited reasons as required by s. 44(1)(b), s. 44(2), and s. 46 of the *Extradition Act* (the "prohibited and mandatory grounds for refusal" entitlement).

n. The right to the Minister's discretionary refusal to make a surrender order if the Minister is satisfied that a diverse list of specified legal conditions exist as required by s. 46 and s. 47 of the Extradition Act (the "qualified grounds for refusal" entitlement).

o. The right to appeal the Minister's committal order, as of right, to the Provincial Court of Appeal, if such is made, pursuant to s. 57 of the Extradition Act (the "unfettered right to appeal the surrender order" requirement).

p. The right to apply for leave to appeal to the Supreme Court of Canada from both the committal and surrender orders (the "right of access to a final appeal" entitlement).

q. The right, if surrendered, to be immune in the requesting state from prosecution for offences that have not been identified in the surrender order pursuant to s. 40(3) of the *Extradition Act* and the common law (the "specialty protection" entitlement).

4

07/18/2011 10:51 FAX 604 682 4209　　　DAVID J MARTIN LAW CORP.　　　☒006

## DAVID J. MARTIN

Although there is no test case on the issue of extradition rights waiver in Canada of which I am aware it is my opinion that, if Mr. Alshdaifat were to be questioned under oath by a U.S. Court, in the presence of his competent counsel, relating to his informed and voluntary waiver of the above rights, then there would be no reason in principle why a Canadian Court would not give summary recognition to such a waiver if such a necessity ever arose.

Indeed, it is my opinion that Mr. Alshdaifat's counsel has demonstrated his competency in seeking this detailed letter from me so as to assure Your Honor and, if necessary, the Canadian Courts, that the waiver was indeed as informed as it can possibly be.

In the result, if Your Honor is satisfied as to the voluntariness of Mr. Alshdaifat's personal under oath expression of waiver there should be no reason in principle why the Canadian Courts would not recognize your acceptance of his waiver as a matter of judicial comity and mutual respect.

Yours truly,

David J. Martin
Barrister & Solicitor

/mm

5